IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TIMOTHY LEE STEWART, SR.,

                Plaintiff,

v.

ANDREW P. BANKS, RONALD SUTHERLAND,
JIM ARDNT, UNKNOWN JANE DOE S. ACADEMY
E. WEST COURT STREET, OFC. HANSON,
OFC. DANIELSON, OFC. KNOX, OFC. OLEARY,
OFC. MIKKELSON, SGT. DREW SEVERSON,          OPINION and ORDER
CHIEF DAVID MOORE, LT. BLAZER,
LT. VAUGHN, DEPUTY CHIEF SHERIDIAN,              22-cv-482-jdp[1]
DEPUTY CHIEF KLIESNER,
DEPUTY CHIEF PEARSON,
PROBATION AGENT JESSICA HOLMES,
CHERIE L. THOMPSON, SGT. WILLIAMSON,
OFC. C. STANLEY, OFC. DREW MUSSEY,
UNKNOWN JOHN DOE, OLIVA C. CHASE,
and UNKNOWN JANE DOE,

                Defendants.

---

Pro se plaintiff Timothy Lee Stewart, Sr. filed four complaints alleging that his neighbors have made false complaints of criminal activity or mental health crises to Janesville police, leading to Stewart being wrongly cited or arrested multiple times. Because Stewart's allegations in his four complaints overlapped, I dismissed three of the cases and released Stewart of his obligation to pay the filing fees for those cases. Dkt. 4. This is the only one of those four cases that remained open. Because all of his complaints violated Federal Rule of Civil Procedure 8 by failing to include "a short and plain statement of the claim showing that

---

[1] The clerk of court is directed to also docket this opinion in Case Nos. 22-cv-721-jdp and 22-cv-722-jdp.

[he] is entitled to relief," I gave him a short time to file a new amended complaint fixing the pleading problems I noted in my previous order. Dkt. 4. Stewart's deadline passed without him filing an amended complaint, so I dismissed the case without prejudice for his failure to prosecute it. But Stewart quickly responded by filing a motion to reopen the case and a proposed amended complaint. Dkt. 7 and Dkt. 9. I will allow Stewart to amend his complaint and I will screen his new allegations.

Stewart has also filed two new cases with allegations that largely overlap with his amended complaint in this case. *See* Case Nos. 22-cv-721-jdp and 22-cv-722-jdp. It was unnecessary for Stewart to file these cases instead of incorporating his allegations into one complaint. For the reasons stated below, I will incorporate parts of the Stewart's '721 complaint into the operative pleading in this case, and I will grant Stewart leave to proceed on several claims under the Fourth and Fourteenth Amendment for his repeated wrongful arrests or citations.

Stewart alleges that defendant Andrew Banks and other defendant neighbors of his have made dozens of complaints with false allegations against him—with Banks alone filing 92 such false reports—to the Janesville Police Department about Stewart engaging in criminal conduct. These neighbors have also vandalized his home and property. After being repeatedly harassed by Banks, often requiring police intervention, Stewart got a restraining order against Banks. But Janesville police continue to ticket or arrest Stewart on Banks's and other neighbors' false complaints, with each of the charges resulting from those incidents later being dismissed.

In particular, Stewart alleges:

- In August 2021, he was arrested after defendant Officer Wiley filed a police report stating that Banks accused him of threatening to shoot Banks's vehicle windows, and defendant Jane Doe probation agent detained him on a probation hold that was also later dropped.

- In September 2021, defendant Officer Hanson filed a false disorderly conduct police report that got him arrested.

- In November 2021, defendant Officers Stanley, Danielson, and "Jane Doe Third Shift" arrested him after Banks and another neighbor accused him of "chas[ing] down some unknown [person]" and threatening to kill him. Dkt. 9, at 6.

- In January 2022, defendant Officers Hanson and O'Leary stopped him and issued him a disorderly conduct citation for a noise violation.[2]

The Fourth Amendment to the United States Constitution bars "unreasonable searches and seizures." A Fourth Amendment seizure of a person occurs when officers, through physical force or a show of authority, restrain a person's liberty. *Hawkins v. Mitchell*, 756 F.3d 983, 992 (7th Cir. 2014). An arrest is reasonable if it is supported by probable cause. *United States v. Eymann*, 962 F.3d 273, 282 (7th Cir. 2020). A brief detention for investigatory purposes is reasonable if supported by a less stringent standard of reasonable suspicion. *Terry v. Ohio*, 392 U.S. 1, 21–22 (1968). And even if any of the defendants did not detain or arrest Stewart themselves, the United States Supreme Court has recognized a Fourth Amendment claim for malicious prosecution when a defendant's actions cause the plaintiff to be seized without probable cause. *Thompson v. Clark*, 142 S. Ct. 1332, 1337 (2022).

I take Stewart to be alleging that defendant Janesville police officers are aware that Banks and others repeatedly make false allegations against him yet they continue to file police reports and detain, ticket, or arrest him based on those allegations. I conclude that Stewart's allegations state Fourth Amendment violations against these defendants. At the preliminary pretrial conference that will be held later in this case, Magistrate Judge Stephen Crocker will

---

[2] Stewart also alleges that in September 2021 he was arrested in conjunction with violations of ordinances regarding abandoned vehicles, but Stewart already brings claims about those events in Case No. 21-cv-764-jdp, so I will not consider those allegations in this case.

explain the process for Stewart to use discovery requests to identify the Jane Doe defendant and to amend his complaint to include that defendant's proper identity.

Stewart contends that defendant police officers and high-level Janesville police officials have violated the Constitution or federal law in various other ways, such as violations of his First Amendment religious rights or various anti-discrimination laws. His allegations are too vague and conclusory to state claims under most of these theories. But Stewart does say that he was discriminated against, and his allegations that police officials repeatedly falsely cite or arrest him could support a Fourteenth Amendment equal protection claim under a "class of one" theory. A plaintiff may bring a class-of-one equal protection claim for being treated "intentionally . . . differently from others similarly situated" for no rational reason. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 799 (7th Cir. 2015) (quoting *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)). I will allow Stewart to proceed on claims under this theory against all of the defendants against whom he is proceeding on Fourth Amendment claims.

In the '721 case, Stewart alleges that he complained about his repeated false citations or arrests to various officials in the Janesville Police Department, but that none of them properly investigated the issue or put a stop to the practice. I will direct the clerk of court to docket the pages containing these allegations (pages 8 and 9 of Stewart's complaint in the '721 case) into the '482 case and I will consider those pages part of the operative pleading.

In some of Stewart's other cases about alleged police misconduct I have noted that he doesn't have a constitutional right to have police officials respond to his complaints the way he wishes they would. *See, e.g.*, *Stewart v. Holmes*, Case No. 21-cv-764-jdp, slip op. at 5 (W.D. Wis. Feb. 10, 2023). But here he alleges that there is an ongoing problem about being falsely cited or arrested on fabricated allegations, yet supervisors fail to address the problem. That is

4

sufficient to state claims against responsible supervisors who failed to intervene to address the ongoing problem. *See Matthews v. City of East St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012) (supervisors could be personally involved in a constitutional deprivation if they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see").

Stewart does not explain how each of the officials he names was responsible for addressing complaints like the ones he made, so I won't let him proceed against every named official. *See Burks v. Raemisch*, 555 F.3d 592, 594–95 (7th Cir. 2009) ("Bureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job."). But I can infer that defendant Police Chief David Moore or Deputy Chiefs Sheridan, Kliesner, and Pearson should have done something to address the problem of a citizen being repeatedly falsely cited or arrested. So I will grant Stewart leave to proceed on failure-to-intervene claims against them.

Stewart raises other claims on which I will not allow him to proceed. I will not allow Stewart to proceed against the Jane Doe probation agent, who based her probation hold on Stewart's arrest; he does not suggest that the probation agent was aware that the underlying arrest was based on false allegations.

In the '721 case Stewart alleges that defendant officers' actions deprived him of his First Amendment right of familial association to visit his brother in prison because probation rules barred Stewart from visiting if he had recent arrests or probation holds. This deprivation may have been a consequence of the police officers' actions, but they did not directly deprive him of visits themselves; the probation rules did. Harm caused by the deprivation of visits may be considered as a form of damages for Stewart's Fourth and Fourteenth Amendment claims, but he doesn't directly state a familial-association claims against any of the named defendants.

5

Stewart alleges that Banks and other neighbors have conspired with the Janesville police to falsely arrest or cite him. But to succeed on constitutional claims like these brought under 42 U.S.C. § 1983, the defendant must have acted "under color of state law." *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822 (7th Cir. 2009). Banks and his other neighbors are private citizens, not governmental officials. Generally, "[s]ection 1983 does not cover disputes between private citizens" because they are not acting under color of state law. *Plaats v. Barthelemy*, 641 F. App'x 624, 627 (7th Cir. 2016). Private actors do act under color of law when they work jointly with state actors to violate a person's rights. *See, e.g., L.P. v. Marian Catholic High Sch.*, 852 F.3d 690, 696 (7th Cir. 2017) ("A private person acts under color of state law when she is a willful participant in joint action with the State or its agents." (internal quotation omitted)). Stewart alleges that Janesville police officers have cited or arrested him because of his neighbors' false reports but he does not adequately allege that they are consciously working together to harm him. His vague allegations that some of his neighbors are related to or in undefined relationships with police officers is not enough to show that they conspired with the officers.

Stewart's claims that Banks and others have harassed him or damaged his properly are state-law claims that do not belong in this action. And his attempted claim of racial discrimination against his landlord under 42 U.S.C. § 1982 is not closely related enough to the events forming his Fourth Amendment claims to join that claim in this lawsuit. *See* Fed. R. Civ. P. 20(a)(2) ("claims must arise out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action.").

ORDER

IT IS ORDERED that:

1. Plaintiff Timothy Lee Stewart, Sr.'s motion to reopen Case No. 22-cv-482-jdp, Dkt. 7, is GRANTED.

2. The clerk of court is directed to docket pages 8 and 9 from plaintiff's complaint in Case No. 22-cv-721-jdp into this case. The operative complaint is now plaintiff's amended complaint, Dkt. 9, and the pages from the '721 complaint.

3. Plaintiff is GRANTED leave to proceed on the following claims:

   - Fourth Amendment claims against defendants Wiley, Stanley, Danielson, "Jane Doe Third Shift," Hanson, and O'Leary.

   - Fourteenth Amendment class-of-one claims against defendants Wiley, Stanley, Danielson, "Jane Doe Third Shift," Hanson, and O'Leary.

   - Failure-to-intervene claims against defendants Moore, Sheridan, Kliesner, and Pearson.

4. The remaining defendants are DISMISSED.

5. The clerk of court is directed to ensure that the United States Marshals Service serves defendants with a copy of plaintiff's operative complaint and this order. Plaintiff should not attempt to serve defendants on his own at this time.

6. The clerk of court is directed to docket this opinion in Case Nos. 22-cv-721-jdp and 22-cv-722-jdp and to close those cases.

Entered March 3, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge